*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-096

JULY TERM, 2016

In re O.C., Juvenile

}  APPEALED FROM:
}
}  Superior Court, Franklin Unit,
}  Family Division
}
}
}  DOCKET NO. 76-4-13 Frjv

Trial Judge: Alison S. Arms

In the above-entitled cause, the Clerk will enter:

Mother and father separately appeal from a family court judgment terminating their parental rights to the minor O.C.  Mother contends the court failed to apply the requisite clear-and-convincing evidence standard.  Father joins in the claim.  We reverse and remand.

For purposes of resolving this appeal, the facts may be succinctly summarized.  O.C. was born in December 2012.  Mother's parental rights to five of O.C.'s six older siblings had been previously terminated.  Father separately has three older children, one of whom was living in a residential care program and two with their biological mother at the time of the hearing.  He had not seen any of the older children in eight years.

In April 2013, a CHINS (child in need of care and supervision) petition was filed as to O.C., alleging that parents had allowed a registered sex offender to have unsupervised contact with O.C. and an older sibling, and that feces and urine from a number of dogs covered the floor of the family's residence.  In May 2013, parents stipulated to an adjudication of CHINS, and O.C. was placed with parents under a conditional care order.  In July 2013, the conditional care order was revoked due to parents' violations of the order, and O.C. was placed with a foster family, where she has since remained.

A case plan with concurrent goals of reunification by February 14, 2014 or adoption was approved in December 2013.  The plan called for both parents to protect O.C. from physical, sexual, and emotional abuse, to provide a safe and stable home environment, to refrain from associating with known sex offenders, and to participate in counseling and parent education services.  Petitions to terminate parental rights were filed in June 2014, but were later withdrawn to afford parents additional time to engage in services.  The petitions were refiled in January 2015, and an evidentiary hearing was held over two days in November and December 2015.

The court issued a written decision in March 2016.  In brief, the court found that, over the course of two-and-a-half years, parents' progress in meeting the case plan goals had stagnated; that neither had developed sufficient parenting skills to recognize and address O.C.'s needs; that mother had made no progress in counseling; and that father had made little effort to address his

anger-management issues. O.C. had since been thriving in his foster home, where he was well integrated and well cared for. The court concluded that neither parent could resume parental responsibilities within a reasonable time, and that termination of parental rights was in O.C.'s best interests. This appeal followed.

Mother's sole claim, which father has joined, is that the trial court failed to state explicitly or implicitly that it had applied the requisite clear-and-convincing evidentiary standard. See In re R.W., 2011 VT 124, ¶ 14, 191 Vt. 108 (reaffirming rule that State must meet its burden of proof at both stages of termination proceeding by clear and convincing evidence). Mother suggests that, in fact, the findings imply that a lower standard was employed. The latter claim is unconvincing. She asserts that the court improperly relied on a "substantiation" by DCF that father had sexually abused O.C.'s older sibling, a finding based on a lower threshold of proof. The record shows, however, that the trial court expressly declined to "consider the alleged sexual abuse in making its determination," and there is nothing to support mother's claim that the court criticized or otherwise penalized her for not crediting the abuse allegation. Nor does the court's statement that the evidence raised the "possibility that [mother's] visits [were] having a negative impact" on the child imply that it applied a preponderance standard to the evidence as a whole.

We do agree, however, that the decision does not contain language sufficient to provide reasonable assurance that the court's findings were based on a clear-and-convincing evidentiary standard. Cf. In re C.L., 151 Vt. 480, 488 (1989) (noting that we may examine decision as whole to determine if court applied proper standard, and holding that court's finding that it was "convinced" of mother's inability to resume parental responsibilities was sufficient). Accordingly, we conclude that the case must be remanded to the trial court to indicate whether its findings are made by clear and convincing evidence. No further hearing is required. See In re R.W., 2011 VT 124, ¶ 18 (remanding to trial court to elaborate on whether finding of stagnation was based on clear and convincing evidence).[*]

Remanded for further proceedings consistent with the views expressed herein.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

---

[*] Our conclusion renders moot the State's motion, filed while the appeal was pending, to remand to the trial court for additional findings on whether its decision was based on clear and convincing evidence.